**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

**Southern District of Texas**

Case number (*If known*): _____

Chapter you are filing under:
- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☒ Chapter 13

☐ Check if this is an amended filing

# Official Form 101
## Voluntary Petition for Individuals Filing for Bankruptcy          06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint* case—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

**Be as complete and accurate as possible.** If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Identify Yourself

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **1. Your full name**<br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br>Bring your picture identification to your meeting with the trustee. | **Latisha**<br>First name<br>**Charmaine**<br>Middle name<br>**Dotson**<br>Last name<br>_____<br>Suffix (Sr., Jr, II, III) | _____<br>First name<br>_____<br>Middle name<br>_____<br>Last name<br>_____<br>Suffix (Sr., Jr, II, III) |
| **2. All other names you have used in the last 8 years**<br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | _____<br>First name<br>_____<br>Middle name<br>_____<br>Last name<br>_____<br>Business name (if applicable)<br>_____<br>Business name (if applicable) | _____<br>First name<br>_____<br>Middle name<br>_____<br>Last name<br>_____<br>Business name (if applicable)<br>_____<br>Business name (if applicable) |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx - xx - **8  1  0  7**<br>OR<br>9xx - xx - __ __ __ __ | xxx - xx - __ __ __ __<br>OR<br>9xx - xx - __ __ __ __ |

Debtor 1  **Latisha    Charmaine    Dotson**    Case number *(if known)* _____
       First Name   Middle Name   Last Name

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Your Employer Identification Number (EIN), if any.** | __ __ – __ __ __ __ __ __ __<br>EIN<br><br>__ __ – __ __ __ __ __ __ __<br>EIN | __ __ – __ __ __ __ __ __ __<br>EIN<br><br>__ __ – __ __ __ __ __ __ __<br>EIN |
| **5. Where you live** | **18927 Majestic Vista Lane**<br>Number     Street<br><br>**Richmond, TX 77407**<br>City               State    ZIP Code<br><br>**Fort Bend**<br>County<br><br>**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br>Number     Street<br><br>P.O. Box<br><br>City               State    ZIP Code | **If Debtor 2 lives at a different address:**<br><br>Number     Street<br><br>City               State    ZIP Code<br><br>County<br><br>**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br>Number     Street<br><br>P.O. Box<br><br>City               State    ZIP Code |
| **6. Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br><br>☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason. Explain.<br>   (See 28 U.S.C. § 1408) | *Check one:*<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason. Explain.<br>   (See 28 U.S.C. § 1408) |

Debtor 1  **Latisha**         **Charmaine**       **Dotson**
          First Name          Middle Name         Last Name                              Case number *(if known)* _____

| Part 2: | Tell the Court About Your Bankruptcy Case |

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☑ No.
☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | _____ | MM / DD / YYYY | _____ |
| | District _____ | When _____ MM / DD / YYYY | Case number _____ |
| | District _____ | When _____ MM / DD / YYYY | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No.
☐ Yes.

| Debtor | _____ | | Relationship to you | _____ |
|---|---|---|---|---|
| District | _____ | When _____ MM / DD / YYYY | Case number, if known | _____ |
| Debtor | _____ | | Relationship to you | _____ |
| District | _____ | When _____ MM / DD / YYYY | Case number, if known | _____ |

**11. Do you rent your residence?**

☑ No.   Go to line 12.

☐ Yes.  Has your landlord obtained an eviction judgment against you?

 ☐ No. Go to line 12.

 ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

| Debtor 1 | **Latisha** | **Charmaine** | **Dotson** | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

### Part 3: Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number        Street

_____

_____  _____  _____
City                          State    ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☑ No.   I am not filing under Chapter 11.

☐ No.   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.  I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes.  I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

Debtor 1  **Latisha**  **Charmaine**  **Dotson**  Case number *(if known)* _____
   First Name   Middle Name   Last Name

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |

14. **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

    *For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

    ☑ No.
    ☐ Yes.

    What is the hazard? _____

    If immediate attention is needed, why is it needed? _____

    Where is the property? _____
    Number   Street

    _____
    City                State   ZIP Code

Official Form 101            **Voluntary Petition for Individuals Filing for Bankruptcy**            page 5

Debtor 1    **Latisha        Charmaine       Dotson**                                             Case number *(if known)* _____
            First Name      Middle Name     Last Name

**Part 5:   Explain Your Efforts to Receive a Briefing About Credit Counseling**

15. **Tell the court whether you have received a briefing about credit counseling.**

    The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

    If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

    **About Debtor 1:**

    *You must check one:*

    ☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**
    Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

    ❑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**
    Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

    ❑ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**
    To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

    Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

    If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

    Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

    ❑ **I am not required to receive a briefing about credit counseling because of:**

    ❑ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

    ❑ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

    ❑ **Active duty.** I am currently on active military duty in a military combat zone.

    If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

    **About Debtor 2 (Spouse Only in a Joint Case):**

    *You must check one:*

    ❑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**
    Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

    ❑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**
    Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

    ❑ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**
    To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

    Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

    If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

    Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

    ❑ **I am not required to receive a briefing about credit counseling because of:**

    ❑ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

    ❑ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

    ❑ **Active duty.** I am currently on active military duty in a military combat zone.

    If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1  **Latisha  Charmaine  Dotson**   Case number *(if known)* _____
　　　　　First Name  Middle Name  Last Name

## Part 6: Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.
_____

**17. Are you filing under Chapter 7?**

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☑ No. I am not filing under Chapter 7. Go to line 18.
☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?
　☐ No
　☐ Yes

**18. How many creditors do you estimate that you owe?**

☑ 1-49　　☐ 1,000-5,000　　☐ 25,001-50,000　　☐ 50,000-100,000　　☐ More than 100,000
☐ 50-99　　☐ 5,001-10,000
☐ 100-199　☐ 10,001-25,000
☐ 200-999

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000　　　　　☐ $1,000,001-$10 million　　☐ $500,000,001-$1 billion
☐ $50,001-$100,000　　☐ $10,000,001-$50 million　　☐ $1,000,000,001-$10 billion
☑ $100,001-$500,000　　☐ $50,000,001-$100 million　☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million　☐ $100,000,001-$500 million　☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000　　　　　☐ $1,000,001-$10 million　　☐ $500,000,001-$1 billion
☐ $50,001-$100,000　　☐ $10,000,001-$50 million　　☐ $1,000,000,001-$10 billion
☑ $100,001-$500,000　　☐ $50,000,001-$100 million　☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million　☐ $100,000,001-$500 million　☐ More than $50 billion

## Part 7: Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

X  **/s/ Latisha Charmaine Dotson**
　　Latisha Charmaine Dotson, Debtor 1

　　Executed on **07/30/2025**
　　　　　　　　　MM/ DD/ YYYY

| Debtor 1 | **Latisha** | **Charmaine** | **Dotson** | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

X  **/s/ Kenneth A Keeling**　　　　　　　　Date **07/30/2025**
Signature of Attorney for Debtor　　　　　　　　　　　　MM / DD / YYYY

**Kenneth A Keeling**
Printed name

**Keeling Law Firm**
Firm name

**3310 Katy Freeway 200**
Number　　　Street

**Houston**　　　　　　　　　　　　　**TX**　**77007**
City　　　　　　　　　　　　　　　　State　ZIP Code

Contact phone **(713) 686-2222**　　Email address **kenk@keelinglaw.com**

**11160500**　　　　　　　　　　　　**TX**
Bar number　　　　　　　　　　　　State

---

Official Form 101　　　　**Voluntary Petition for Individuals Filing for Bankruptcy**　　　　page 8

**Form No. 13-10**
Effective December 1, 2023

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re:   Dotson, Latisha Charmaine         §<br>         §<br>         §<br>    Debtor(s)         §<br>         § | | Case No. _____<br>(Chapter 13) |

**BANKRUPTCY RULE 2016(b) DISCLOSURE AND
APPLICATION FOR APPROVAL OF STANDARD FIXED FEE AGREEMENT**
**(Standard Case)**

    Kenneth A Keeling files this FED. R. BANKR. P. 2016(b) Disclosure and Application for Approval of a Standard Fixed Fee Agreement.

1. Counsel to Debtor(s) in this case, agrees to provide the following services to the Debtor(s) on a fixed fee basis:

    A. Counsel with the Debtor(s) on an as needed basis.

    B. Prepare and file a proposed chapter 13 plan and any required amendments to the plan. If required, I will file a "Uniform Motion to Amend Confirmed Chapter 13 Plan to Satisfy Recently Filed, Timely Proofs of Claim" in accordance with BLR 3015-1(e).

    C. Assist the Debtor(s) in preparing and filing the documents required by § 521 of the Bankruptcy Code and any required amendments.

    D. Prepare and file miscellaneous pleadings that are required to protect the Debtor(s)' interests in the case.

    E. Prepare and file any necessary Applications for Withdrawal From Savings Fund.

    F. Prepare and file any necessary Notice of Payments Due or Notice Reflecting Change from Reserves for Post-Petition *Ad Valorem* Taxes, Homeowners Association Fees or other Periodic Post-Petition Obligations.

    G. Prepare and file responses to pleadings filed against the Debtor(s)—even if the response is a statement that the relief is not opposed.

    H. Attend the scheduled § 341 meeting and all reset or continued meetings.

    I. Attend the confirmation hearing, if required under the circumstances, pursuant to an order entered in the chapter 13 case, or pursuant to local rules.

    J. Advise the Debtor(s) concerning their obligations and duties pursuant to the Bankruptcy Code, Bankruptcy Rules, court procedures, applicable court orders and the provisions of their chapter 13 plan.

2. The Standard Fixed Fee Agreement does not include the following services:

    A. Representation of the Debtor(s) in an adversary proceeding, either as a plaintiff or a defendant.

**Form No. 13-10**
Effective December 1, 2023

  B. Representation of the Debtor(s) in a contested matter, the subject of which is extraordinary in the context of chapter 13 cases in the United States Bankruptcy Court for the Southern District of Texas.

  C. Representation of the Debtor(s) in any matter in which the Court orders fee shifting pursuant to which fees are to be paid by a person other than the Debtor(s).

3. Counsel agrees to the following fees and reimbursements:

  A. I have agreed to a fixed fee (including all expenses except reimbursement of the filing fee) in the amount of **$5,000.00** [insert amount not to exceed $5,000.00]. I have received **$92.00** for representing the Debtor(s) in this case. Therefore, the balance due from the trustee as an administrative expense is **$4,908.00**. I agree that if the case is dismissed before the plan is confirmed or less than 120 days after confirmation, the maximum fee under this provision will be $4,500.00.

  B. I have advanced the filing fee of **$0.00**. [If no filing fees have been advanced, insert $0.00]. Therefore, in addition to the amounts set forth above, the trustee shall reimburse to me that sum as an administrative expense of the estate.

  C. I will provide those services required after the Debtor(s) make the final payment required under the chapter 13 plan to assist the Debtor(s) in obtaining a chapter 13 discharge. There will be no additional charge imposed for this service, unless the service required to obtain the chapter 13 discharge is extraordinary, in which event I may apply for additional fees.

4. The following services will also be provided, if needed, on a fixed fee basis [check applicable boxes]. Payment may be made directly by the Debtor(s) or through the confirmed plan:

  A. ☑ Motions for relief from the stay for which the first hearing date is more than 120 days following the entry of an order of confirmation and which are resolved by agreement. The fixed fee is in the amount of **$475.00** [insert amount not to exceed $475.00].

  B. ☑ Motions filed by the chapter 13 trustee seeking dismissal of the case, for which the first hearing date is more than 120 days following the entry of an order of confirmation, and for which there is an agreement or no opposition. The fixed fee is in the amount of **$300.00** [insert amount not to exceed $300.00].

  C. ☑ Debtor(s)' motion to modify plan for which the first hearing date is more than 120 days following the entry of an order of confirmation. The fixed fee is in the amount of **$900.00** [insert amount not to exceed $900.00], plus the actual out-of-pocket postage costs for service of the motion to modify the plan.

  D. ☑ Review of a notice filed pursuant to FED. R. BANKR. P. 3002.1(b) or (c) which is filed more than 120 days following the entry of an order of confirmation. The fixed fee is in the amount of **$325.00** [insert amount not to exceed $325.00].

  E. ☑ Debtor(s)' motion to sell, refinance or incur debt regarding real property. The fixed fee is in the amount of **$650.00** [insert amount not to exceed $650.00], plus the actual out-of-pocket postage costs for service of the motion.

**Form No. 13-10**
Effective December 1, 2023

    F.    ☑  Debtor(s)' surrender notice per paragraph 18 of the uniform plan. The fixed fee is in the amount of __$325.00__ [insert amount not to exceed $325.00], plus the actual out-of-pocket postage costs for service of the notice.

    G.    ☑  Debtor(s)' transfer of real property in satisfaction of secured claim per paragraph 12 of the uniform plan. The fixed fee is in the amount of __$550.00__ [insert amount not to exceed $550.00], plus the actual out of-pocket: (i) postage costs for service of the required notice, (ii) cost for certified copies; (iii) cost to file plan and order in the appropriate county; and (iv) title/lien search fee, if any.

    H.    Any legal services rendered that are not covered by an agreed fixed fee in paragraphs (A)-(G) above may be provided on an hourly fee basis at a rate not to exceed __$390.00__. All hourly fees are subject to approval by the Bankruptcy Court after the filing and service of a proper fee application.

5. The Debtor(s) certify that the Debtor(s) have had to opportunity to read and review the above fee agreement and agree to:

   A. Provide their Counsel with accurate financial information concerning their assets, liabilities, income and expenses.

   B. Discuss with their Counsel the Debtor(s)' objectives in filing the case.

   C. Keep their Counsel informed of the Debtor(s)' contact information, including physical and mailing address, phone number(s), and email, if applicable.

   D. Inform their Counsel of wage garnishments, lawsuits, or attachments that occur after the commencement of the case.

   E. Inform their Counsel promptly of any change in their financial circumstances, including any change in wages/salary or change in employer.

   F. Inform their Counsel if they wish to buy, sell, or refinance any loan during the case.

6. The Debtor(s) have reviewed the foregoing with counsel and understand their responsibilities and the fees agreed to be paid.

7. The Debtor(s) have met in person, by telephonic video conference, or by computerized video conference with the undersigned attorney (or another attorney supervised by the undersigned and who is licensed to practice law) for not less than 1 hour. The Debtor(s) understand that time spent exclusively with a paralegal or other person not licensed to practice law may not be included in the 1 hour.

8. Counsel certifies:

   A. The foregoing is a true and correct statement of the compensation that I have been paid or that has been agreed to be paid to me.

   B. I (or another attorney supervised by me and who is licensed to practice law) met in person, by telephonic video conference, or by computerized video conference with the Debtor(s) for not less than 1 hour. I understand that time spent exclusively with a paralegal or other person not licensed to practice law may not be included in the 1 hour.

   C. I have not shared or agreed to share any of the compensation paid or to be paid. The following sets forth all of the compensation that is being paid by any person or entity other than the Debtor(s). Describe:

**Form No. 13-10**
Effective December 1, 2023

| | |
|---|---|
| Dated: __**07/30/2025**__ | __/s/ Latisha Charmaine Dotson__ |
| | Latisha Charmaine Dotson |
| | Debtor |
| | |
| Dated: _____ | _____ |
| | Joint Debtor |
| | |
| Dated: __**07/30/2025**__ | __/s/ Kenneth A Keeling__ |
| | Kenneth A Keeling |
| | Counsel to the Debtor(s) |
| | Bar Number: 11160500 |
| | Keeling Law Firm |
| | 3310 Katy Freeway 200 |
| | Houston, TX 77007 |
| | Phone: (713) 686-2222 |
| | Email: kenk@keelinglaw.com |

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Southern District of Texas

**In re**   Dotson, Latisha Charmaine

Case No. _____

**Debtor**

Chapter ___**13**___

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ............................................................................... **$5,000.00**

   Prior to the filing of this statement I have received ..................................................................... **$92.00**

   Balance Due ............................................................................................................................... **$4,908.00**

2. The source of the compensation paid to me was:

   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☑ Debtor          ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

B2030 (Form 2030) (12/15)

Motions for relief from the stay for which the first hearing date is more than 120 days following confirmation and which are resolved by agreement. The fixed fee is in the amount of $475.00.

Motions filed by the chapter 13 trustee seeking dismissal of the case, for which the first hearing date is more than 120 days following confirmation, and for which there is an agreement or no opposition. The fixed fee is in the amount of $300.00.

Debtor(s)' motion to modify plan for which the first hearing date is more than 120 days following confirmation. The fixed fee is in the amount of $900.00, plus the actual out-of-pocket postage costs for service of the motion to modify the plan.

Review of a notice filed pursuant to FED. R. BANKR. P. 3002.1(b) or (c) which is filed more than 120 days following the entry of an order of confirmation. The fixed fee is in the amount of $325.00.

Debtor(s)' motion to sell, refinance or incur debt regarding real property. The fixed fee is in the amount of $650.00, plus the actual out-of-pocket postage costs for service of the motion.

Debtor(s)' surrender notice per paragraph 20 of the uniform plan. The fixed fee is in the amount of $325.00, plus the actual out-of-pocket postage costs for service of the notice.

Debtor(s)' transfer of real property in satisfaction of secured claim per paragraph 14 of the uniform plan. The fixed fee is in the amount of $550.00, plus the actual out-of-pocket: (i) postage costs for service of the required notice, (ii) cost for certified copies; (iii) cost to file plan and order in the appropriate county; and (iv) title/lien search fee, if any.

Any legal services rendered that are not covered by the Court approved fixed fee agreement shall be provided on an hourly fee basis at a rate not to exceed $390.00. All hourly fees are subject to approval by the Bankruptcy Court after the filing and service of a proper fee application.

Representation of the Debtor(s) in adversary proceedings.

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **07/30/2025** | **/s/ Kenneth A Keeling** |
| *Date* | Kenneth A Keeling |
| | *Signature of Attorney* |
| | Bar Number: 11160500 |
| | Keeling Law Firm |
| | 3310 Katy Freeway 200 |
| | Houston, TX 77007 |
| | Phone: (713) 686-2222 |
| | **Keeling Law Firm** |
| | *Name of law firm* |

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

IN RE: **Dotson, Latisha Charmaine**                     CASE NO

CHAPTER **13**

**VERIFICATION OF CREDITOR MATRIX**

The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date   **07/30/2025**         Signature         **/s/ Latisha Charmaine Dotson**
                                                    Latisha Charmaine Dotson, Debtor

Affirm, Inc.
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Attorney General of the U.S.
Department of Justice
10th & Constitution, N.W.
Washington, DC 20530

Capital One
Bankruptcy
Po Box 30285
Salt Lake Cty, UT 84130-0285

District Counsel
Internal Revenue Service
8701 Gessner 710
Houston, TX 77074

Essential Lending
Po Box 101265
Fort Worth, TX 76185-1265

First Community CU
Attn: Bankruptcy
PO Box 840129
Houston, TX 77284

Fort Bend County
Tax Assessor- Carmen P Turner
1317 Eugene Heimann Circle
Richmond, TX 77469

Fort Bend County MUD #30
Monica Pena, Tax A/C
1750 West 43rd Street
Houston, TX 77018

Grand Vista HOA
16690 Park Row
Houston, TX 77084-5019

Internal Revenue Service
Centralized Insolvency Operation
Po Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Special Procedure
STOP 5022 HOU
1919 Smith Street
Houston, TX 77002

Keeling Law Firm
3310 Katy Freeway 200
Houston, TX 77007

NAVY FCU
Attn: Bankruptcy
PO Box 3000
Merrifield, VA 22119-3000

Prairie View A&M University
Po Box 519
Prairie View, TX 77446-0519

Rise
Attn: Bankruptcy
205 Avenida Fabricante
San Clemente, CA 92672

SpringIf Fin
Po Box 1010
Evansville, IN 47706

Sun West Mortgage Company, Inc.
18303 Gridley Rd
Cerritos, CA 90703

Sunbit Financial
Attn: Bankruptcy
10880 Wilshire Blv Suite 870
Los Angeles, CA 90024

Sunbit, Inc
Attn: Bankruptcy
10940 Wilshire Blvd
Los Angeles, CA 90024

Town of Woodworth, LA
c/o American Municipal Services
Po Box 118312
Carrollton, TX 75011-8312

Toyota Financial Services
Bankruptcy
Po Box 5855
Plano, TX 75025-9004

U.S. Attorney
Southern District of Texas
PO Box 61129
Houston, TX 77208

U.S. Trustee
515 Rusk 3516
Houston, TX 77002

Uheaa/doe
Po Box 82561
Lincoln, NE 68501

Upgrade, Inc.
Attn: Bankruptcy
275 Battery Street 23rd Floor
San Francisco, CA 94111

Upstart Finance
Attn: Bankruptcy
PO Box 1503
San Carlos, CA 94070

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

- **You are an individual filing for bankruptcy, and**

- **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of the Bankruptcy Code:

- Chapter 7 — Liquidation

- Chapter 11— Reorganization

- Chapter 12— Voluntary repayment plan for family farmers or fishermen

- Chapter 13— Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

**Chapter 7:   Liquidation**

|   |   |
|---:|---|
| $245 | filing fee |
| $78 | administrative fee |
| + $15 | **trustee surcharge** |
| $338 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

- most taxes;
- most student loans;
- most domestic support and property settlement obligations;

- most fines, penalties, forfeitures, and criminal restitution obligations; and
- certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

- fraud or theft;
- fraud or defalcation while acting in breach of fiduciary capacity;
- intentional injuries that you inflicted; and
- death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test* —deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

### Chapter 11: Reorganization

|   | $1,167 | filing fee |
|---|---:|---|
| + | $571 | administrative fee |
|   | $1,738 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

## Read These Important Warnings

**Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.**

**Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.**

**You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.**

**Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|---|---|
| + | $78 | administrative fee |
|   | $278 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|---|---|
| + | $78 | administrative fee |
|   | $313 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

- domestic support obligations,
- most student loans,
- certain taxes,
- debts for fraud or theft,
- debts for fraud or defalcation while acting in a fiduciary capacity,
- most criminal fines and restitution obligations,
- certain debts that are not listed in your bankruptcy papers,
- certain debts for acts that caused death or personal injury, and
- certain long-term secured debts

> **Warning: File Your Forms on Time**
>
> Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.
>
> For more information about the documents and their deadlines, go to: http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

### Bankruptcy crimes have serious consequences

- If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.
- All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

### Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

### Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days **before** you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCreditAndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

---

**Notice Required by 11 U.S.C. U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)**          page 4